**James GORDON, Appellant,**

**v.**

**UNITED STATES, Appellee.**

**No. 6863.**

District of Columbia Court of Appeals.

Argued May 8, 1973.

Decided June 1, 1973.

Leroy Nesbitt, Washington, D. C., for appellant.

Harold H. Titus, Jr., U. S. Atty., John A. Terry, Stuart N. Gerson, Charles E. Wagner, and Richard S. Vermeire, Asst. U. S. Attys., for appellee.

Before KELLY, GALLAGHER and Yeagley, Associate Judges.

PER CURIAM.

Appellant was charged with carrying a pistol without a license in violation of D.C. Code 1967, § 22-3204.[1] He was convicted after a nonjury trial and fined $100 or alternatively, sentenced to 30 days in jail. He argues that the pistol was seized by the arresting officer as the result of an illegal search and should therefore not have been admitted into evidence.

The evidence shows that the arresting officer, while on routine patrol, saw appellant drive by with a box on his dashboard which appeared to be one used to commercially package ammunition. When the officer stopped appellant, the box proved to be such a container, a "Western" .25 caliber ammunition box, and, in response to questioning appellant affirmed that the box contained live ammunition. Upon inquiry appellant then stated he was carrying the gun to which the ammunition belonged and produced a valid firearms registration, but was unable to produce a license for the weapon.[2] The officer asked appellant to step out of the car, seized the gun, and arrested him for carrying a pistol without a license.

Having seen the ammunition box, we believe it was reasonable to suspect it contained ammunition. It is a crime in this jurisdiction to possess unregistered ammunition.[3] Furthermore, it is a fact of life that ammunition is usually accompanied by a weapon. From this we conclude the officer had a right to investigate, and because appellant was in a moving vehicle, this entitled the officer to stop the vehicle to inquire whether appellant in fact possessed a gun, and if so, whether there was compliance with the local licensing statute.[4] From this point on, appellant's answers to the officer's questions disclosed

1. This case was submitted without oral argument.

2. Registration only entitles one to own a firearm in the District of Columbia. To carry a concealed weapon requires a separate license. Metro. Police Regs. art. 50-52 (1968).

3. Metro. Police Regs. art. 53 (1968).

4. D.C.Code 1967, § 22-3204.

that he was carrying an unlicensed firearm, which fact constituted probable cause to arrest, not to mention the officer's right to conduct a protective search. Consequently, appellant's motion to suppress was properly denied.

Affirmed.